UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALBERT BAUMANN                                                          CIVIL ACTION

VERSUS                                                                  NO. 12-2885

MICHAEL J. ASTRUE, COMMISSIONER                                         SECTION "I" (3)
SOCIAL SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") under Titles II and XVI of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

I.     BACKGROUND

Plaintiff filed an application for DIB and SSI on December 17, 2010, alleging a disability onset date of September 1, 2008. (Adm. Rec. at 154-66). Plaintiff later amended his disability onset date to September 30, 2010. (*Id.* at 257). Plaintiff alleged disability due to borderline personality. (*Id.* at 187). Plaintiff, born on November 25, 1964, was 45 years old on the date on which he alleged disability and 47 years old at the time of the final administrative decision. (*Id.* at 183). Plaintiff has

a bachelor's degree in visual arts, an associate's degree in applied science and past relevant work experience as a bartender, laborer/trash collector, barrista/coffee-maker, offset printing specialist, massage therapist and retail sales clerk. (*Id.* at 26). Plaintiff is a licensed massage therapist. (*Id.* at 36-37).

Defendant initially denied plaintiff's application on February 18, 2011. (*Id.* at 103-06). Plaintiff sought an administrative hearing, which defendant held on November 16, 2011. (*Id.* at 31-74). Plaintiff and a vocational expert ("VE"), Todd Capielano, testified at the hearing.

On January 17, 2012, the administrative law judge ("ALJ") issued a decision in which she found that plaintiff did not meet the definition of disability through the date of the decision. (*Id.* at 18-26). In the decision, the ALJ concluded that plaintiff has the severe impairments of affective disorder, anxiety disorder and substance addiction disorder. (*Id.* at 20). The ALJ held that plaintiff did not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations. (*Id.* at 21). The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: he can understand, remember and carry out simple instructions; seldom work with the general public; and can work in close proximity to others but not perform team work. (*Id.* at 22). The ALJ concluded that plaintiff can perform his past relevant work as a laborer/trash collector. (*Id.* at 26). The ALJ thus denied plaintiff's application for DIB and SSI. (*Id.*).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that he is not disabled. (*Id.* at 12). On October 19, 2012, the Appeals Council denied plaintiff's request. (*Id.* at 1-6).

Plaintiff then timely filed this civil action.

## II.     STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).   It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d  698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135.  Any

of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555.  Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.  *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

### III.     ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant, such as the plaintiff, is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but cannot, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work.  42 U.S.C. § 1382(a)(3)(B).  The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.  20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901 t - 416.988 (1995).  The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.  *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians;

(3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

## IV.    ISSUE ON APPEAL

The parties consolidate the issues on appeal into one issue, and the Court frames it as follows:

> (1)    Whether substantial evidence supports the ALJ's RFC assessment because the ALJ failed to accord controlling or great weight to plaintiff's treating physician Dr. Charles Chester and because she improperly rejected the treating source opinion of plaintiff's therapist, Ruth Austin.

## V.    ANALYSIS

**1.    Whether substantial evidence supports the ALJ's RFC assessment because the ALJ failed to accord controlling or great weight to plaintiff's treating physician Dr. Charles Chester and because she improperly rejected the treating source opinion of plaintiff's therapist, Ruth Austin.**

Plaintiff contends that the ALJ erred when he failed to accord controlling – or at least great – weight to the opinion of Chester as plaintiff's treating physician. He notes that Chester assessed plaintiff with moderate limitations affecting multiple work-related abilities. He also notes that the ALJ accorded "some" weight to Chester's opinion and found that "the record as a whole supports his opinion." (Adm. Rec. at 24-25). If the record as a whole supports his opinion, plaintiff posits, the ALJ should have accorded the opinion great weight.

Contrary to plaintiff's argument, there is no evidence in the record to support the contention that Chester is a treating source. There are no treatment notes by Chester in the record, and there is no evidence that Chester ever examined plaintiff. The only evidence in the record from Chester

is a "check-box" medical assessment form created by counsel for plaintiff. (*Id.* at 386-88). And on that form, Chester himself noted that plaintiff's current psychotherapist "might be a better choice to fill out this form." (*Id.* at 386).

On the "check-box" form, Chester noted that plaintiff has no impairment in his activities of daily living, carrying out simple job instructions and making simple work-related decisions. (*Id.*). He assessed moderate limitations in plaintiff's social functioning; his ability to complete a normal work week without a significant interruption from psychologically-based symptoms; his ability to respond appropriately to supervision, co-workers and usual work situations; and his ability to deal with change in a routine work setting. (*Id.*). He concluded that plaintiff could possibly sustain full-time employment and assessed a Global Assessment of Functioning ("GAF") score of 70.[1] (*Id.* at 387-88). Chester ultimately noted that plaintiff was "fairly free of biological/psychiatric symptoms." (*Id.* at 388).

Because there is no evidence in the record that Chester is a treating physician, the ALJ was well within her discretion to accord his opinion "some" – and not controlling or great – weight. There is no objective medical evidence in the record that accompanies Chester's brief and conclusory opinions, and Chester cites to no other records. For this reason alone, the ALJ was entitled to accord it "some" weight. *See Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994).

The ALJ also considered the opinion of Ruth Austin, M.A., a medical assistant at Family Services of Greater New Orleans, who also completed a check-box form provided by counsel for

---

[1] A GAF of 70 means that the individual has "some mild symptoms" but that he or she is "generally functioning pretty well." *Diagnostic and Statistical Manual of Mental Disorders IV-TR*, p. 34 (4th ed. 2000).

plaintiff. (Adm. Rec. at 24-25; 374-84). Austin assessed moderate limitations in plaintiff's ability to understand, remember, and carry out complex jobs instructions, detailed but not complex job instructions, and simple job instructions; behave in an emotionally stable manner; and relate predictably in social situations. (*Id.* at 376). Austin also assessed mild limitations in plaintiff's ability to maintain personal appearance and demonstrate reliability. (*Id.* at 380). She noted that plaintiff showed improved insight, accountability, and decision making. (*Id.* at 380). Austin declined to opine whether plaintiff could maintain gainful employment. (*Id.* at 376). The ALJ considered her assessment but declined to give it any weight because she was not an "acceptable medical source" pursuant to 20 C.F.R. §§ 404.1513(a), 404.913(a).

Plaintiff contends that the ALJ grossly misapplied Social Security Ruling ("SSR") 06-3p. Plaintiff argues that the ruling requires an ALJ to consider opinions from providers who are not acceptable medical sources. He notes that therapists are often key players in the area of managed health care and that the opinion notes that "it may be appropriate to give more weight to the opinion of a medical source who is not an acceptable medical source . . . ." SSR 06-3p, 2006 WL 2329939, *5.

Contrary to plaintiff's argument, SSR 06-3p requires only that the ALJ "explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning . . . . " *Id.* at *6. The AlJ considered Austin's assessment but explained that she gave it no weight because "the record failed to support the limitations assessed." (Adm. Rec. at 25). For example, and as the Commissioner correctly notes, Austin assessed moderate limitation in plaintiff's

ability to handle simple instructions, but both Chester and the state-agency physician, Lynette Causey, Ph.D., assessed no limitation in this area. (*Id.* at 95, 386). Indeed, Austin indicated that she would not even comment on the occupational adjustment of plaintiff because she had not observed him in a work setting. (*Id.* at 376). Both Chester and Causey are acceptable medical sources under the regulations, 20 C.F.R. §§ 404.1513(a), 404.913(a), and the ALJ was entitled to give greater weight to their opinions than hers.

In addition, the ALJ considered Causey's state-agency mental RFC assessment. (Adm. Rec. at 25). Causey, according great weight to the opinion and examination of consultative examiner Minati Biswas, M.D., assessed moderate limitations in plaintiff's ability to understand, remember, and carry out detailed instructions; ability to maintain concentration; and social functioning. (*Id.* at 96). Causey assessed no limitation in plaintiff's ability to understand and remember short, simple instructions, locations, and work-like procedures. (*Id.*). Moreover, Causey opined that plaintiff's moderate limitation in social functioning would not interfere with his ability to maintain socially-acceptable behavior in a work setting. (*Id.*). Causey opined that plaintiff maintained the ability to perform activities within a schedule, maintain regular attendance, and make simple work-related decisions. (*Id.*). She noted that although plaintiff had a severe mental impairment, he retained the ability to perform simple duties that could be performed on the job in a short period of time and involve things rather than people. (*Id.*). Causey ultimately concluded that plaintiff could perform his past relevant work. (*Id.* at 97). The ALJ accorded Causey's opinion great weight because she was an acceptable medical source, and the record as a whole supported her conclusions. (*Id.* at 25).

Plaintiff argues that Causey's assessment supports a disability finding because she found

moderate limitations in several functional domains. However, this argument presupposes that the Commissioner defines "moderate" as essentially synonymous with "disabled" as plaintiff and his counsel implied at the administrative hearing. (*Id.* at 71-73). As plaintiff stipulates in his memorandum in support, the Commissioner has not adopted his definition of the term. (*See id.* at 87-89, 374, 385). Moreover, as explained above, plaintiff's argument directly contradicts Causey's narrative report that indicates that plaintiff can work despite his moderate impairments. (*Id.* at 96). Even Chester, the physician that evaluated plaintiff's mental RFC, indicated that plaintiff can work despite moderate limitations. (*Id.* at 388). And finally, as explained above, even the assessment form compiled by plaintiff does not define "moderate" in the limiting manner that plaintiff contends. The definition of moderate on the form encompasses a lesser period of time,[2] and the VE testified that plaintiff would be disabled only if the definition was stretched to the extreme as it was by plaintiff's counsel. (*Id.* at 71-74).

As noted, Causey gave great weight to the opinion of Biswas, and the ALJ also accorded Biswas' opinion some weight because he performed a mental status examination, and the record supported his findings. (*Id.* at 23-25). Biswas noted that plaintiff was cooperative, pleasant, and talkative and that he demonstrated logical and goal-oriented thought processes. (*Id.* at 294). Biswas stated that although plaintiff demonstrated poor self-esteem, his mood was "okay," and he no longer experienced suicidal thoughts. (*Id.* at 294). Plaintiff demonstrated average intelligence, fair insight, and fair judgment. (*Id.*). Biswas found plaintiff capable of handling his own finances but opined that

---

[2] A moderate limitation is defined as limiting plaintiff's ability in the relevant activity *up to* one-third of the day, not, as plaintiff consistently argues, one-third of the day.

10

he should continue psychiatric treatment. (*Id.*).  As noted, the ALJ accorded Biswas' report some weight because she examined plaintiff, and the record supported her findings.  (*Id.* at 23-25).  While plaintiff cites to several notes in Biswas' report that support his claims, this Court may not try the issues de novo, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey*, 230 F.3d at 135; *Ripley*, 67 F.3d at 555. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible.  *See Arkansas*, 503 U.S. at 112-13.  That some of the evidence supports plaintiff's claims is of no moment as long as substantial evidence supports the Commissioner's findings.  And here, it does.  Substantial evidence from the opinions of Chester, Causey and Biswas supports the ALJ's RFC assessment.

## VI.  CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's Cross-Motion be GRANTED and that plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d

1415, 1430 (5th Cir. 1996) (*en banc*).

    New Orleans, Louisiana, this 17th day of January, 2014.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**